---

LAUCKNER v. HEYSS et ux.

(Supreme Court, Appellate Term. November 10, 1911.)

1. BILLS AND NOTES (§ 516*)—ACTIONS—SUFFICIENCY OF EVIDENCE.

Evidence in an action on a note executed by defendant and her husband to plaintiff to induce him to release her husband from arrest in an action against him for conversion *held* to show that plaintiff and the husband agreed that on default in payment of the note plaintiff might continue the action.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 516.*]

2. BILLS AND NOTES (§ 452*)—ACTIONS—DEFENSES.

A valid note, jointly executed by defendant and her husband to induce plaintiff to release her husband from arrest and imprisonment in an action against him for conversion was not made unenforceable against defendant by plaintiff afterward pressing the conversion action to judgment upon failure to pay the note at maturity; it being agreed when the note was executed that, if it were not paid, plaintiff should continue the action.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 452.*]

3. BILLS AND NOTES (§ 452*)—ACTIONS—ISSUES.

In an action on a note executed jointly by defendant and her husband to induce plaintiff to release the husband from imprisonment in an action against him for conversion, the question whether the note was given in payment of the husband's obligation arising from his conversion of plaintiff's property, or as collateral security, was immaterial; the husband not being served in the action on the note and not appearing therein, so that his relation to plaintiff was only important as tending to explain the circumstances under which defendant executed the note.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 452.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Oscar O. Lauckner against Gustave Heyss and wife. From a judgment for defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and COHALAN, JJ.

Cass & Apfel, for appellant.

Everly M. Davis, for respondent Nellie C. Heyss.

SEABURY, J. This is an action upon a promissory note. It was determined in the court below upon the submission of an agreed statement of facts. The facts as set out are complicated, but, reduced to their simplest terms, are as follows: Gustave Heyss converted funds

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

of the plaintiff, who was his employer. The full amount of the conversion was not known on September 18, 1909. The plaintiff sued Gustave Heyss for the conversion of a certain sum, and obtained an order of arrest in that action, under which Gustave Heyss was imprisoned. It was then discovered that Gustave Heyss had converted more than the amount which the plaintiff sued for. Heyss paid something on account of the amount converted, but that payment left a large part of the amount sued for unpaid. To induce the plaintiff to consent to his release from imprisonment, Heyss and his wife gave this joint promissory note (which is the note in suit) to the plaintiff. Upon maturity, the note was not paid. The plaintiff then pressed his pending action to judgment, and obtained a body execution against Gustave Heyss. Upon giving a bond, Gustave Heyss was admitted to the jail liberties for a period of six months, when the bond expired by limitation.

In the present action the plaintiff sues Gustave Heyss and Nellie C. Heyss, his wife, upon the note, which was given under the circumstances detailed above. Nellie C. Heyss was the only defendant who was served or who appeared. The defendant Nellie C. Heyss "concedes that she has no defense to the present action, unless such defense arises by reason of the fact that plaintiff has availed himself of his original right of action." We understand this concession to mean that the defendant Nellie C. Heyss claims that when the plaintiff, after default in the payment of the note, pressed his remedies in the action of conversion against Gustave Heyss, he forfeited his right to sue her upon the note. This, presumably, was the view adopted by the court below, who rendered judgment in favor of the defendant. From that judgment the plaintiff appeals to this court.

The original action for conversion was commenced September 18, 1909, and the order of arrest was issued and executed on that day. On September 21, 1909, the agreement of settlement was made, the defendant was released, and the note now in suit was made and delivered. The agreed statement of facts refers to a stipulation between the attorney for the plaintiff and Gustave Heyss, which is attached to it, and which was signed on the same day that the note was given. This stipulation provides that the order of arrest should be vacated, "without prejudice to the rights of the plaintiff to apply for the reissuance thereof or the issuance of a new order of arrest herein." The agreed statement of facts also refers to a paper, designated as "Exhibit A," which is also attached to it. Exhibit A was made on the same date as the note, and is signed by Gustave Heyss, and is as follows:

"In connection with my obligation to pay you $236.98, which is the balance due after payment of $500, I have promised hereby and agree to use my best effort to obtain from my father the said sum of $236.98, in order to pay the same, and to keep O. O. Lauckner advised of my address."

The amount of $236.98 referred to in this exhibit represents the amount of the note upon which the present action is brought. If we consider the contents of the stipulation and Exhibit A; in connection with the other conceded facts set out in the agreed statement of

facts, it is evident that the defendants, in consideration of the plaintiff consenting to the release of Gustave Heyss, gave the note by which they promised to pay $236.98 on October 27, 1909, and that the defendant Gustave Heyss *agreed for himself* that, if the note should not be paid on that date, the plaintiff might pursue his remedies in the action of conversion and apply for an order of arrest in that action against him. That such was in fact the true agreement entered into between these parties is further evidenced by the fact that, when the note was given, the pending action for conversion was not discontinued, and that when the defendants defaulted in the payment of the note, and the plaintiff pursued his remedies in that action against Gustave Heyss, which he had held in abeyance, no claim was made by Heyss that the plaintiff, by accepting the note, had forfeited his right to proceed against the defendant in tort.

[1] Considering all the papers in the case together, we interpret them to mean that it was agreed between the plaintiff and Gustave Heyss that the conversion action should not be pressed unless a default occurred in payment of the note, but that, if there was a default in the payment of the note, the plaintiff might continue the conversion action. Such was the evident agreement between the plaintiff and Gustave Heyss. This, however, was not precisely the contract which the defendant Nellie C. Heyss made with the plaintiff. She was in no position to make any agreement as to the future of the conversion action, and she did not assume to do so. In order to induce the plaintiff to consent to the release of her husband from jail, she bound herself upon a note jointly with her husband to pay the plaintiff the balance of $236.98, for which her husband was liable to the plaintiff. There is no suggestion that in making this note Nellie C. Heyss was under any duress or coercion, and in so far as she is concerned the note in suit had a valid inception, and was founded upon a valuable consideration.

[2] Nor do I see any plausible theory upon which it can be claimed that this valid obligation, which the defendant Nellie C. Heyss was under to the plaintiff, became unenforceable because the plaintiff subsequently pressed the conversion action to judgment and pursued his remedies under that judgment. Nellie C. Heyss was not a party to the conversion action, and it is not claimed that, when she made the note in suit, the plaintiff agreed to abandon his rights against her husband growing out of the action for conversion. Indeed, the contrary appears to be the fact, and the signed statement of Gustave Heyss and the stipulation of the attorneys makes it perfectly clear that it was understood that, if the note was not paid at maturity, the plaintiff should have judgment in the conversion action and the right to apply for an order of arrest.

[3] The briefs submitted by counsel discuss the question as to whether the note was given in payment of Gustave Heyss' obligation, or whether it was given as collateral security. In the view which we take of the case, these considerations are immaterial. Gustave Heyss was not served with process and did not appear in this action. The present controversy, therefore, is merely between the plaintiff

and Nellie ·C. Heyss, and in determining this case we have no concern with the relations of the plaintiff and Gustave Heyss, except in so far as they tend to explain the circumstances under which the defendant Nellie C. Heyss made the note upon which the present action is brought. In the agreed statement of facts upon which the case was tried, the defendant Nellie C. Heyss conceded that she had no defense to the present action, "unless such defense arises by reason of the fact that plaintiff has availed himself of his original right of action" against Gustave Heyss. The pursuit by the plaintiff of his remedies against Gustave Heyss was in no way inconsistent with the obligation of the defendant Nellie C. Heyss, and furnishes her with no defense to the present action.

It follows that the judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.